**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>          Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>          Defendant. | C.A. No.: 6:20-cv-00579<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT GOOGLE LLC'S ANSWER TO ORIGINAL**
**COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Google LLC ("Google") hereby responds to the Original Complaint (Dkt. No. 1) of Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "WSOU") with the following Answer and Affirmative Defenses.  Google denies the allegations and characterizations in WSOU's Complaint unless expressly admitted in the following numbered paragraphs, which correspond to the numbered paragraphs in the Complaint.

**NATURE OF THE ACTION**

1.      Google admits that Plaintiff brought this action under the United States patent laws, 35 U.S.C. §§1, *et. seq.*  Google denies any remaining allegations in this paragraph.

**THE PARTIES**

2.      Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

3.      Google admits that Google LLC is a Delaware limited liability company.  Google admits that it has an office located at 500 West 2nd Street, Austin, Texas 78701.  Google denies any remaining allegations of this paragraph.

1

## JURISDICTION AND VENUE

4.      Google admits that Plaintiff brought this action under the United States patent laws, 35 U.S.C. §§1, *et. seq*.  Google denies any remaining allegations of this paragraph.

5.      Google admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Google denies any remaining allegations of this paragraph.

6.      This paragraph sets forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

7.      Google admits that venue is proper in this District for purposes of this particular action but not convenient or in the interests of justice under 28 U.S.C. § 1404(a).  Google admits that it has an office in this District and is registered to do business in the State of Texas.  Google admits that it offers products and services in this District.  Any remaining allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, Google denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

8.      To the extent the allegations in paragraph 8 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google admits that as of August 2018, it had more than 800 employees in Austin.  Google denies any remaining allegations in this paragraph.

9.      To the extent the allegations in paragraph 9 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

10. To the extent the allegations in paragraph 10 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context. Google admits that it has an office at 500 West 2nd Street in Austin, Texas that is at least 300,000 square feet. Google denies any remaining allegations in this paragraph.

11. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

12. To the extent the allegations in paragraph 12 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context. Google denies any remaining allegations in this paragraph.

13. To the extent the allegations in paragraph 13 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context. Google admits that it has offices in multiple countries, that it stores and organizes certain types of data, and that it serves digital content to end users around the world. Google denies any remaining allegations in this paragraph.

14. Denied.

15. Google admits that it offers products and services in this District. Google denies any remaining allegations in this paragraph.

16. To the extent the allegations in paragraph 16 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context. Google denies any remaining allegations in this paragraph.

17.     To the extent the allegations in paragraph 17 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google denies any remaining allegations in this paragraph.

18.     To the extent the allegations in paragraph 18 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google denies any remaining allegations in this paragraph.

19.     Google states the following: Google uses a tiered network to deliver content to its users.  The core of the network is Google's data centers which provide computation and backend storage.  The next tier of Google's network infrastructure is known as "Edge Points of Presence" ("PoPs"), which connect Google's network to the rest of the internet.  The last tier of the network is the "Google Global Cache" ("GGC") servers or "edge nodes."  GGC servers are off-the-shelf computers hosted in the facilities of a local Internet Service Provider ("ISP"), at the request of the ISP.  If an ISP chooses to host a GGC server, then a copy of portions of certain digital content that is popular with the ISP's subscribers—say, parts of a popular YouTube video—can be temporarily stored or "cached" on the GGC server.  As a result, content requested by an end user can be fetched from the GGC within the ISPs network, so the request does not use long haul capacity to do so.  GGC servers, though, are not necessary for the delivery of Google content.  Google denies any remaining allegations in this paragraph.

20.     To the extent the allegations in paragraph 20 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google states that, if an ISP chooses to host a GGC server, then a copy of portions of certain digital content that is popular with the ISP's subscribers—say, parts of a popular YouTube video—can be temporarily stored or "cached" on the GGC server.  As a

result, content requested by an end user can be fetched from the GGC within the ISPs network, so the request does not use long haul capacity to do so.  GGC servers, though, are not necessary for the delivery of Google content.  Google denies any remaining allegations in this paragraph.

21.     Google states that, if an ISP chooses to host a GGC server and a copy of portions of certain digital content is temporarily stored or "cached" on the GGC server, content requested by an end user can be fetched from the GGC within the ISPs network, so the request does not use long haul capacity to do so.  GGC servers, though, are not necessary for the delivery of Google content.  Google denies any remaining allegations in this paragraph.

22.     Google admits that at certain points in time, its GGC servers have run software that has been referred to as "ustreamer."  Google denies any remaining allegations of this paragraph.

23.     Google admits that at certain points in time, its GGC servers have run software that has been referred to as "ustreamer."  Google denies any remaining allegations of this paragraph.

24.     Google admits that at certain points in time, its GGC servers have run software that has been referred to as "ustreamer."  Google denies any remaining allegations of this paragraph.

25.     Google states that, if an ISP chooses to host a GGC server and a copy of portions of certain digital content is temporarily stored or "cached" on the GGC server, content requested by an end user can be fetched from the GGC within the ISPs network, so the request does not use long haul capacity to do so.  GGC servers, though, are not necessary for the delivery of Google content.  Google admits that some GGC servers are hosted by ISPs in the Western District of Texas.  Google denies any remaining allegations in this paragraph.

26.     Google states that if an ISP requests to host a GGC server, Google evaluates the request, and then the ISP and Google may enter into a service agreement that defines each party's role.  Google denies any remaining allegations in this paragraph.

27.     Google admits that there are GGC servers in the Western District of Texas that are hosted by internet service providers.  Google admits that the webpage in Paragraph 27 purports to identify ISP-hosted GGC servers in or around Midland, El Paso, Austin, and San Antonio.  Google admits that Midland, El Paso, Austin, and San Antonio are located in this District.  Google denies any remaining allegations in this paragraph.

28.     Denied.

29.     Google admits that GGC servers located in the Western District of Texas may cache content.  Google denies any remaining allegations in this paragraph.

30.     Google admits that GGC servers located in the Western District of Texas may cache content that may include portions of videos, apps, and other digital content.  Google denies any remaining allegations in this paragraph.

31.     Google admits that GGC servers located in the Western District of Texas may cache content that may include portions of videos, apps, and other digital content.  Google denies any remaining allegations in this paragraph.

32.     Google states that it may generate revenue by delivering advertising and when users purchase digital content through Google Play Store.  Google denies any remaining allegations in this paragraph.

33.     Denied.

34.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

35.     Denied.

36.     Denied.

37.     To the extent the allegations in paragraph 37 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google denies any remaining allegations in this paragraph.

38.     Denied.

39.     To the extent the allegations in paragraph 39 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google denies any remaining allegations in this paragraph.

40.     To the extent the allegations in paragraph 40 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google denies any remaining allegations in this paragraph.

41.     To the extent the allegations in paragraph 41 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google denies any remaining allegations in this paragraph.

**COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 8,640,180**

42.     Google repeats and re-alleges its answers to the preceding paragraphs as if fully set forth here.

43.     Google admits that, on its face, U.S. Patent No. 8,640,180 ("the '180 patent") is titled "Apparatus and method for client-side compositing of video streams" and lists an issue date of January 28, 2014.  Google admits that Exhibit A appears to be a copy of the '180 patent, but lacks sufficient information to verify its authenticity.  Google denies that the '180 patent was duly and legally issued.  Google lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph, and therefore denies them.

44.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

45.     This paragraph sets forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

46.     To the extent the allegations of this paragraph concern WSOU's definition of the term "Accused Products," they state no facts for Google to admit or deny.  Google denies any remaining allegations in this paragraph.

47.     To the extent the allegations in paragraph 47 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google admits that it provides a cloud gaming service marketed as Stadia.  Google admits that, in appropriate circumstances, Stadia may be accessed via compatible TVs, laptops, desktops, tablets, and smartphones.   Google denies any remaining allegations in this paragraph.

48.     To the extent the allegations in paragraph 48 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google states that, in connection with Stadia, it may provide a feature marketed as Stream Connect.  Google denies any remaining allegations in this paragraph.

49.     To the extent the allegations in paragraph 49 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google denies any remaining allegations in this paragraph.

50.     To the extent the allegations in paragraph 50 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google denies any remaining allegations in this paragraph.

51.     To the extent the allegations in paragraph 51 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google denies any remaining allegations in this paragraph.

52.     To the extent the allegations in paragraph 52 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google states that, in some circumstances, Stadia may use a VP9 codec.  Google denies any remaining allegations in this paragraph.

53.     To the extent the allegations in paragraph 53 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google states that video game developers may create optional features in which one player views, via Stream Connect, another player's game video.  Google denies any remaining allegations in this paragraph.

54.     To the extent the allegations in paragraph 54 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google denies any remaining allegations in this paragraph.

55.     To the extent the allegations in paragraph 55 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google denies any remaining allegations in this paragraph.

56.     To the extent the allegations in paragraph 56 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google denies any remaining allegations in this paragraph.

57.     To the extent the allegations in paragraph 57 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google admits that Stadia utilizes multiple technologies and protocols to provide service to users.  Google admits that Stadia utilizes WebRTC.  Google denies any remaining allegations in this paragraph.

58.     To the extent the allegations in paragraph 58 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google admits that QUIC protocol is a transport layer networking protocol providing multiplexed encrypted transport over UDP.  Google denies any remaining allegations in this paragraph.

59.     To the extent the allegations in paragraph 59 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google denies any remaining allegations in this paragraph.

60.     Denied.

61.     To the extent the allegations in paragraph 61 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google denies any remaining allegations in this paragraph.

62.     To the extent the allegations in paragraph 62 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google denies any remaining allegations in this paragraph.

63.     To the extent the allegations in paragraph 63 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google denies any remaining allegations in this paragraph.

64.     This paragraph sets forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that each and every element of at least claim 1 of the '180 patent is found in the Accused Products.

65.     This paragraph sets forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

66.     This paragraph sets forth argument and legal conclusions to which no response is required.  To the extent a response is required, Google admits that it received service of the Complaint and that the Complaint identified the '180 patent by number.  Google denies any remaining allegations in this paragraph.

67.     This paragraph sets forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

68.     This paragraph sets forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

## RESPONSE TO PLAINTIFF'S REQUEST FOR RELIEF

Google denies the underlying allegations of Plaintiff's Prayer for Relief against Google, denies that Plaintiff is entitled to any relief whatsoever, and requests that the Court deny all relief to Plaintiff, enter judgment in favor of Google, and award Google its attorneys' fees as the prevailing party in the action.

## RESPONSE TO PLAINTIFF'S DEMAND FOR JURY TRIAL

Google admits that Plaintiff demands a trial by jury, and Google likewise demands a trial by jury on all issues so triable.

## GOOGLE'S AFFIRMATIVE DEFENSES

Google's affirmative defenses are provided below.  Google further reserves the right to amend this Answer to add affirmative defenses, including allegations of inequitable conduct, and/or any other defenses currently unknown to Google, as they become known throughout the course of discovery in this action.  Assertion of a defense is not a concession that Google has the burden of proving the matter asserted.

## FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

1.     Plaintiff is not entitled to any relief against Google because Google does not and has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '180 patent.

## SECOND AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

1.     Plaintiff is estopped from construing or interpreting any claims of the '180 patent in such a way as may cover and/or include, either literally or under the doctrine of equivalents, Google's products, processes, services, and/or activities, and/or has waived any right to do so by reason of cancellation, limitation, or abandonment of claims, admissions, arguments, amendments,

and/or representations made by or on behalf of the applicants in any proceedings before the United States Patent and Trademark Office.

### THIRD AFFIRMATIVE DEFENSE – INVALIDITY

1.      Each and every asserted claim of the '180 patent is invalid for failure to meet the requirements of Title 35, United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112 thereof, and the rules, regulations, and laws pertaining thereto, and/or obviousness type double patenting.

### FOURTH AFFIRMATIVE DEFENSE – EQUITABLE DOCTRINES

1.      Plaintiff's claims against Google regarding the '180 patent are barred by the equitable doctrines of waiver, estoppel, and/or acquiescence.

### FIFTH AFFIRMATIVE DEFENSE – LIMITATION OF DAMAGES

1.      The relief sought by Plaintiff is barred or limited by 35 U.S.C. §§ 286, 287, and/or 288.  Plaintiff is not entitled to any damages for activities before the filing of this action.  Plaintiff did not notify Google of its alleged infringement before the filing of this action.

### SIXTH AFFIRMATIVE DEFENSE – LACK OF STANDING

1.      Plaintiff lacks standing to bring this suit to the extent that Plaintiff and/or its predecessors-in-interest lacked sufficient chain of title to the '180 patent.  In addition, Plaintiff lacks standing to bring this suit to the extent that Plaintiff lacks substantial rights to the '180 patent.

### SEVENTH AFFIRMATIVE DEFENSE – LICENSE; PATENT EXHAUSTION

1.      On information and belief, Plaintiff's claims for relief are barred in whole or in part by an express or implied license, and/or the patent exhaustion doctrine.

### EIGHTH AFFIRMATIVE DEFENSE – NO WILLFUL INFRINGEMENT

1.      Plaintiff is not entitled to a finding of willful infringement with a corresponding increase in damages under 35 U.S.C. § 284.

## NINTH AFFIRMATIVE DEFENSE – NOT EXCEPTIONAL CASE

1.      Plaintiff is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

## TENTH AFFIRMATIVE DEFENSE – ENSNAREMENT

1.      WSOU's claims for infringement are barred by the doctrine of ensnarement.

## ELEVENTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

1.      The Complaint fails to state a claim upon which relief can be granted.

## REQUEST FOR RELIEF

WHEREFORE, Google respectfully requests that the Court:

(A)      Enter judgment that Google does not infringe any claims of the '180 patent literally and/or under the doctrine of equivalents;

(B) Enter judgment that the '180 patent is invalid;

(C) Declare that this case is exceptional pursuant to 35 U.S.C. §285; and

(D) Award Google its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.


Date:  September 11, 2020                    Respectfully submitted,

                                             */s/   Michael E. Jones*
                                             Michael E. Jones (Texas Bar No. 10929400)
                                             Patrick C. Clutter (Texas Bar No. 24036374)
                                             **Potter Minton, P.C.**
                                             110 North College, Suite 500
                                             Tyler, Texas, 75702
                                             +1 (903) 597-8311
                                             +1 (903) 593-0846 facsimile

mikejones@potterminton.com
patrickclutter@potterminton.com

Tharan Gregory Lanier (*pro hac vice* pending)
**Jones Day**
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
 tglanier@jonesday.com


*Attorneys for Defendant Google LLC*


## CERTIFICATE OF SERVICE

The undersigned certifies that on September 11, 2020, I electronically filed this document

with the Clerk of Court via the Court's CM/ECF system which will send notification of such filing

to all counsel of record, all of whom have consented to electronic service in this action.

/s/ *Michael E. Jones*
Michael E. Jones